Opinion filed August 8, 2017



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00026-CV

_____

## IN THE INTEREST OF T.G., A CHILD

On Appeal from the 35th District Court
Brown County, Texas
Trial Court Cause No. CV 14-09-382

-- and --

_____

## No. 11-17-00027-CV

_____

## IN THE INTEREST OF C.G., A CHILD

On Appeal from the 35th District Court
Brown County, Texas
Trial Court Cause No. CV 15-10-357

**M E M O R A N D U M   O P I N I O N**

In separate causes that were joined for trial, the trial court terminated the parental rights of the mother of T.G. and C.G. and appointed their father as a possessory conservator. In each cause, the mother filed a notice of appeal and presents a single issue in which she challenges the sufficiency of the evidence. We affirm.

## I. *Termination Findings and Standards*

The termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2016). To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(T) and that termination is in the best interest of the child. FAM. § 161.001(b).

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the

2

programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent–child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

The trial court found, with respect to both children, that Appellant had committed the acts listed in subsections (E) and (O) of Section 161.001(b)(1). Specifically, the trial court found that Appellant had engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered the children's physical or emotional well-being and that Appellant had failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of the children, who had been in the managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of their removal from the parent for abuse or neglect. With respect to C.G., the trial court additionally found that Appellant committed the acts listed in subsections (D) and (Q) when she knowingly placed or allowed C.G. to remain in conditions or surroundings that endangered his physical or emotional well-being and when she knowingly engaged in criminal conduct that resulted in her conviction and confinement and an inability to care for C.G. for at least two years from the date of the petition. The trial court also found, pursuant to Section 161.001(b)(2), that termination of Appellant's parental rights would be in the best interest of both children.

## II. *Evidence at Trial*

The record shows that the Department first became involved with Appellant in 2014 when T.G. was an infant—prior to C.G.'s birth. T.G. suffered a severe injury that involved "a brain bleed." T.G. had to be taken by care-flight to a hospital in San Antonio. Appellant claimed that T.G. had "somewhat of a seizure" while Appellant was trying to give him his medication; Appellant denied that any type of trauma had occurred to cause T.G.'s injury. Despite her denial, Appellant was indicted for and convicted of the offense of injury to a child based upon the incident in which T.G. suffered a brain bleed. Appellant was found guilty of intentionally or knowingly causing serious bodily injury to T.G. by shaking or throwing him or by causing blunt force trauma to him, and she was sentenced to confinement for twenty years for injuring T.G. The indictment and judgment of conviction were admitted into evidence at the termination hearing. Additionally, while the termination case was pending and while she was pregnant with C.G., Appellant failed a drug test. Appellant testified that she thought the results of the drug test were wrong and that she did not remember using marihuana or methamphetamine.

At the time of trial, the children were placed with a paternal aunt and uncle. The CASA volunteer that had been assigned to this case for over two years testified at the termination hearing that her recommendation was for the children to remain in their current placement. The children's guardian ad litem informed the trial court that the children "are in a great place" and "[a]re very bonded to the [placement] family." The paternal aunt and uncle were taking excellent care of the children, and T.G.'s health had improved while in their care. The Department sought to terminate Appellant's parental rights and to continue the placement of the children with their aunt and uncle.

4

## III. *Issue Presented and Sufficiency Analysis*

In her sole issue in each cause, Appellant contends that the evidence is insufficient to support the termination of her parental rights "in light of the erroneous global Judicial Notice finding of the Court's file by the Court." Appellant's contention is based upon her complaint that the trial court erroneously took judicial notice of its entire file in each cause and admitted into evidence, as part of those files, Exhibit Nos. 3, 4, and 5—the affidavit in support of removal and the CASA report to the court for each child.

In this regard, the record shows that, during the testimony of the Department's investigator, Breawna Ballard, the Department offered into evidence Ballard's affidavit in support of the removal of T.G. Appellant objected on hearsay grounds. The trial court then "on its own motion" took judicial notice of both files. The trial court explained:

> Now -- so, that being said, it -- it's solely considered by the Court as a part of the Court file, and -- and it's not going to be given some special significance otherwise, so it is just part and parcel of the whole, and *I'm not gonna consider hearsay*, except to show that it was included as a basis when the application was filed. But *I'm not gonna consider it at this time as any evidence in the matter today*, other than as a part of the Court file.
>
> So, it is sort of a -- it is admitted as a part of the Court file as an exhibit, and *yet the hearsay objection is noted and sustained*, but the exhibit itself is admitted.

(Emphasis added). The trial court followed a similar course of action later in the trial when the Department offered the CASA reports into evidence.

### A. Trial Court's Judicial Notice of its Files

A trial court may take judicial notice of the contents of its file, but a trial court may not take judicial notice of the truth of any factual allegations contained in its file. *In re F.E.M.*, No. 11-12-00257-CV, 2013 WL 1092716, at *1 (Tex. App.—

Eastland Mar. 14, 2013, pet. denied) (mem. op.); *In re J.E.H.*, 384 S.W.3d 864, 870 (Tex. App.—San Antonio 2012, no pet.); *see* TEX. R. EVID. 201. The record does not indicate that the trial court took judicial notice of the truth of any disputed matter contained in its files. The trial court specifically sustained Appellant's hearsay objection and ruled that it would not consider the contents of the trial court's files as evidence at the termination hearing. The trial court later reiterated, when it admitted the CASA reports into evidence, that it would not consider "the things that are not supported by exceptions to the Hearsay Rule." The trial court's admission of Ballard's affidavit and the CASA reports into evidence despite the court's acknowledgment that these exhibits contained inadmissible hearsay and while, at the same time sustaining a hearsay objection, was improper. *See* TEX. R. EVID. 802. However, we note that this was not a jury trial and that the trial court indicated that it would not consider the hearsay contained within those exhibits. We will not consider the contents of those exhibits in our review of the sufficiency of the evidence. *See J.E.H.*, 384 S.W.3d at 870 (noting that, because the trial court could not take judicial notice of the affidavit or the allegations made in the family service plan, neither the affidavit nor the allegations contained in the family service plan can support the judgment).

### B. Findings under Section 161.001(b)(1)

Based upon our review of the testimony presented at the termination hearing and the indictment and judgment of conviction, we conclude that the record contains clear and convincing evidence from which the trial court could reasonably have formed a firm belief that Appellant engaged in conduct that endangered the children's physical or emotional well-being. *See* FAM. § 161.001(b)(1)(E). Under subsection (E), the relevant inquiry is whether evidence exists that the endangerment of the child's well-being was the direct result of the parent's conduct, including acts, omissions, or failures to act. *In re D.O.*, 338 S.W.3d 29, 33 (Tex. App.—Eastland

2011, no pet.). Additionally, the offending conduct does not need to be directed at the child, nor does the child actually have to suffer an injury. *In re J.O.A.*, 283 S.W.3d 336, 345 (Tex. 2009). In *J.O.A.*, the Texas Supreme Court stated that "the endangering conduct may include the parent's actions before the child's birth, while the parent had custody of older children." *Id.*

Clear and convincing evidence showed that Appellant, who had been convicted of causing seriously bodily injury to T.G., had engaged in conduct that endangered T.G.'s physical or emotional well-being. Based on that same conduct, we also conclude that clear and convincing evidence showed that Appellant had engaged in conduct that endangered C.G.'s physical or emotional well-being. *See J.O.A.*, 283 S.W.3d at 345. Consequently, we hold that the evidence is legally and factually sufficient to support the trial court's finding under Section 161.001(b)(1)(E) as to each child.

Because a finding that a parent committed one of the acts listed in Section 161.001(b)(1)(A)–(T) is all that is required and because we have held that the evidence is sufficient to support the trial court's finding under subsection (E), we need not address the sufficiency of the evidence to support the findings made by the trial court pursuant to the other subsections of Section 161.001(b)(1). *See* TEX. R. APP. P. 47.1.

### C. Finding of Best Interest of the Children

Based on the evidence presented at trial and in light of the *Holley* factors, the trial court could reasonably have formed a firm belief or conviction that termination of Appellant's parental rights would be in the best interest of the children. *See Holley*, 544 S.W.2d at 371–72. Upon considering the record as it relates to the emotional and physical needs of the children now and in the future, the emotional and physical danger to the children now and in the future, the parental abilities of Appellant and of the children's aunt and uncle, the plans for the children by the

Department, the stability of the children's placement, Appellant's conviction for seriously injuring T.G., and Appellant's incarceration and inability to care for the children, we hold that the evidence is sufficient to support the findings that termination of Appellant's parental rights is in the best interest of the children. *See id.* Appellant's sole issue in each appeal is overruled.

*This Court's Ruling*

We affirm the orders of the trial court.


MIKE WILLSON

JUSTICE


August 8, 2017

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.